No. 721

FOURTH & CENTRAL TRUST CO. v. HENDERSON LITH. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2812. Decided April 12, 1926

1197. TRUSTS AND TRUSTEES—Where settlor by trust agreement vests control of his stock in a person named while the company is a running business, said stock to be distributed at such person's death, the sale of the business creates a situation as would arise at said person's death and property must be distributed as provided.

BUCHWALTER, P. J.

The Fourth & Central Trust Co. brought an action in the Cincinnati Superior Court, seeking the court's direction as to its duty under a trust agreement made with W. D. Henderson, with reference to certain funds held by it. The case was taken to Court of Appeals on appeal.

By the trust agreement W. P. Henderson, the president of the Henderson Lithographing Co., directed the Trust Co. as trustee, to vote his stock in the Lithographing Co. in accordance with the instructions of Minto Henderson, a son. Another item of the agreement stipulated that on the death of Minto Henderson, the stock was to be divided in four equal parts among the children of W. D. Henderson.

In 1920, the settlor died and in 1923 a son died. On May 23, 1925, the Lithographing Co. was sold, approved by all the stockholders, the trustee acting under the directions of Minto Henderson. The price received for the stock is held in trust by the trustee. Minto Henderson contends that the fund should be conserved and that his brothers and sisters be paid the income thereof. The brothers and sisters claim that the money should be divided in fourths, one-fourth to each of the children and one-fourth to the widow of the deceased brother as provided in item 3 of the trust agreement.

The Court of Appeals held:

1. The settlor had in mind two main purposes; first, to provide for the continuation of the influence of his son Minto in the management of the Lithographing Co.; and, second, to provide equal distribution of stock in the Company among his children or their heirs after his death.

2. Minto Henderson had it in his power to bring about the sale of the business and the dissolution of the corporation; and by exercising that power, he made it impossible to control and manage the affairs of the Lithographing Co. as was contemplated by his father.

3. There is now no stock for the trustee to hold, no stock to vote, to collect dividends on, nor to distribute; the purpose in having Minto Henderson control the business having failed, the same situation arises as would arise upon his death.

4. With the one purpose of the trust agreement extinguished there remains the other, namely, to divide the property among the children and their heirs.

5. Therefore, carrying out the intention of the settlor, the property representing the stock is now ready for distribution and the money held in trust by the trustee should now be distributed as provided by item 3 of the trust agreement.

Decree accordingly.

Attorneys—Charles B. Wilby & Clark Wilby for Trust Co.; Buchwalter, Headley and Smith for Minto Henderson; Maxwell & Ramsey, Jos. S. Graydon and Jos. L. Lackner for Georgia, James, Blanche & Margaret Henderson; and Ben B. Wilson for Lithographing Co.; all of Cincinnati.